**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**Richard Dzionara-Norsen,**

Plaintiffs,

v.

**County of Monroe, et al.,**

Defendants.

**5th AMENDED SCHEDULING ORDER**

21-cv-6715-FPG-MJP

**PURSUANT TO** the order of the Hon. Frank P. Geraci, Jr., Senior District Judge referring the above case to the undersigned for pretrial matters and the entry of a scheduling order under Fed. R. Civ. P. 16(b) and W.D.N.Y. Loc. R. Civ. P. 16, and the parties having submitted a letter requesting an extension of deadlines, (ECF No. 37), pursuant to Fed. R. Civ. P. 16, it is

**ORDERED** that

1. **Close of fact discovery.** The parties shall complete all fact discovery by August 23, 2024.

2. **Experts.** Plaintiff shall identify any expert witnesses and serve any expert reports no later than October 22, 2024. Defendant shall identify any expert witnesses and serve any expert reports no later than November 21, 2024. All expert discovery shall be completed by no later than December 20, 2024.

3. **Motions to compel.** The parties shall file any motions to compel discovery no later than August 23, 2024.

4. **Dispositive motions.** Dispositive motions, if any, shall be filed no later than February 28, 2025.

5. **Discovery disputes.** If a discovery dispute arises, the parties shall initially advise the Court of the dispute via letter (with copy to opposing counsel). Upon review of the letter, the Court will generally schedule a conference with the parties to attempt to settle the dispute informally. If the dispute is not resolved informally, the parties will have the opportunity to file a formal motion. This informal discovery dispute process is not expedited motion practice. Therefore, letter submissions should provide a brief overview of the issue with supporting documentation and the parties' position. Parties do not waive arguments by failing to raise them in their letter submissions. If a dispute arises during the taking of a deposition that cannot be resolved by the parties, the parties are permitted to contact chambers via telephone from the location of the deposition.

6. **Extensions.** COUNSEL IS DIRECTED TO READ THIS PROVISION CAREFULLY.

a. When seeking an extension of **any deadline** in this scheduling order, the parties **must file a motion, or letter motion, before the deadline that shows good cause.** Absent truly exceptional circumstances, any motion for an extension shall be made at least **one week** before the deadline to be extended.

b. **The Court will deny any extension request that fails to show diligence.** "[A] finding of good cause depends on the

diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000).

c. **The Court may reject any extension request and require it to be refiled if it does not include specific new dates that fall on a business day.**

7. **Warning.** The undersigned may, on motion or *sua sponte*, impose sanctions where parties willfully ignore or otherwise fail to adhere to this scheduling order under Fed. R. Civ. P. 16(f).

**SO ORDERED.**

Dated: July 3, 2024
Rochester, NY

*/s/ Mark W. Pedersen*
MARK W. PEDERSEN
United States Magistrate Judge